# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 25-10166-cgb |
| Edward Willie Mason, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

| | | |
|---|---|---|
| Edward Willie Mason, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 25-01004-cgb |
| | ) | |
| United States Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PRE-TRIAL ORDER

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, the United States of America (on behalf of the U.S. Department of Education), Defendant, in the above styled adversary proceeding, and files this Defendant's Pre-Trial Order, and respectfully represents to the Court the following:

## I.
## Nature of Dispute

1. Plaintiff filed for relief under Chapter 7 under the Bankruptcy Code on February 4, 2025. An order discharging the Debtor/Plaintiff was entered on May 16, 2025, and the case was closed.

2. Plaintiff is indebted to the Department of in the approximate amount of $29,332.00 as of February 2025. The debt is based on educational loans.

3. Plaintiff asserts he is entitled to a discharge pursuant to 11 U.S.C. § 523(a)(8). Defendant asserts that Plaintiff is liable for the student loans and denies that repayment on the subject student loans would be an undue hardship.

## II.
## Jurisdiction

4. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 11 U.S.C. § 523 (a)(8).

5. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## III.
## Consent or Non-Consent to Entry of Final Order/Judgment

6. a. Plaintiff has not filed a statement regarding consent.

    b. Defendant has consented to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding (ECF No. 4).

## IV.
## Summary of Claims and Defenses

7. Plaintiff claims that repayment of the student loans would impose an undue hardship as set forth in 11 U.S.C. § 523(a)(8) and therefore such debt qualifies for discharge.

8. The United States disagrees and asserts that the Plaintiff must prove the three requirements for a discharge set forth in *In Re Gerhardt* 348 F.3rd 89, (5th Cir. 2003) and *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987).

## V.
## Undisputed Facts

9. The undisputed facts are:

   a. Debtor, Edward Mason, brings this action Pro Se for the discharge of his federal student loan debt under the "undue hardship" provision set out in 11 U.S.C. § 523(a)(8).

   b. Debtor filed his bankruptcy case under Chapter 7 of the Bankruptcy Code on February 4, 2025. He received a discharge on May 16, 2025. He filed his adversary action on February 4, 2025, seeking to determine the dischargeability of his student loans. This Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding. Defendant has consented to the entry of final orders of judgment by the Bankruptcy Court in this matter. Plaintiff has not filed a statement of consent.

   c. One of the unsecured debts owed by Debtor are student loans owed to Defendant, Department of Education. With accumulated interest, the amount owed on the student loan when this case was filed was approximately $29,332.00. (Exhibit 1.)

   d. The student loan debts were incurred to pay tuition at Austin Community College for a degree in marketing, Tyler Junior College to obtain a degree in tennis coaching, and American Commercial College for a degree in teaching. The debtor did not complete the program at any of these schools. (Complaint at ¶ 3.)

   e. The debtor is currently a teacher with a gross wage of $2,922.00 a month (petition schedule I) and had gross wages of $30,578.00 and $43,313.00 in 2022 and 2023. (Petition, statement of financial affairs, page 45 of petition.)

# VI.
## Disputed Factual Issues

10. Defendant asserts the disputed facts are that any inability on Debtor's behalf to repay the student loans is not based on a situation that will persist and prevent Plaintiff from being able to make payments on his loans in the future.

# VII.
## Applicable Law

11. Plaintiff seeks a determination that the debt owed to the Department of Education is dischargeable under 11 U.S.C. § 523(a)(8), which provides, in pertinent part, that a debt for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded by a governmental unit, is not dischargeable in bankruptcy unless excepting the debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.

12. The statute does not define "undue hardship," and that task has been committed to the courts. The leading case on the standards for "undue hardship" is *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987). The Fifth Circuit has adopted the analysis in *Brunner*, see *In Re Gerhardt*, 348 F.3rd. 89, (5th cir 2003), and *In Re Thomas*, 223 F.App'x 310 (5th Cir. 2007). See also, *In re Pena*, 155 F.3d 1108 (9th Cir. 1998); *Faish v. Pa. Higher Educ. Assistance Auth.*, 72 F.3d 298 (3d Cir. 1995), *cert. denied*, 518 U.S. 1009 (1996); *Cheesman v. Tenn. Student Assistance Corp.*, 25 F.3d 356 (6th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); *Roberson v. ll. Student Assistance Comm'n*, 999 F.2d 1132 (7th Cir. 1993); *Ammirati v. Nellie Mae Inc.*, 187 B.R. 902 (D.S.C. 1995), *aff'd*, 85 F.3d 615 (4th Cir. 1996). *Gerhardt* required the debtor to prove that:

1. The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for self and dependents if forced to repay the loan;

2. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the loan; and

3. The debtor has made good faith efforts to repay the loan.

"Dischargeability should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993). To determine whether repayment will impose an undue hardship, the first and second parts of the *Brunner* test require consideration of the debtor's expenses and income potential, as well as the payment term and the installment amount required for the loan. The Department of Education makes available a variety of income-sensitive repayment options for financially distressed debtors that allow the debtor to make reduced installment payments, over an extended payment period, based on the debtor's ability to pay.

## VIII.
## Contested Issues

13. Whether the debt for student loans, owed by the Plaintiff, is dischargeable under 11 U.S.C. § 523 (8).

## IX.
## Witnesses

14. The United States may call an employee with the Department of Education as a witness and may also call the Debtor as a witness.

15. The Plaintiff will testify on his behalf.

## X.
## Length of Trial

16. Defendant estimates the trial will take approximately two hours which includes ruling.

# XI.
## Additional Matters

17. No additional matters at this time.

# XII
## Exhibits

18. Defendant intends to introduce Debtor's bankruptcy schedules as an exhibit.

19. Defendant intends to introduce the Debtor's loan history with the U.S. Department of Education as an exhibit.

                              UNITED STATES ATTORNEY
                              JUSTIN R. SIMMONS

By:    */s/ Steven B Bass*
        Steven B. Bass
        Assistant United States Attorney
        Florida Bar No. 767300
        903 San Jacinto Blvd., Suite 334
        Austin, Texas 78701
        (512) 916-5858 / Fax (512) 916-5854
        Steven.Bass@usdoj.gov

        Attorney for Defendant United States of America

## CERTIFICATE OF SERVICE

    I hereby certify that on July 31, 2025 2025, a true and correct copy of the above and foregoing "Defendant's Pretrial Order" was served by U.S. First Class Mail, postage prepaid, as follows:

**Edward Willie Mason**
12800 Center Lake Dr #926
Austin, TX 78753
*Via U.S. First Class Mail*

and
email:  edwardwmasonIII@gmail.com

                                                                       /s/*Steven B. Bass*
                                                                       STEVEN B. BASS

# Exhibit 1

## Guidance: Application to This Adversary

Summarized in the table below and the attached NSLDS records is the debtor's Title IV student loan history, loan details and, if available, educational history.[1] Any loans held by an entity other than ED (as identified in the "Loan Holder Name" column below) are addressed in this letter.

| NSLDS Loan # | Loan Holder Name | Loan Date | Loan Amount | Loan Type | Loan Status | Principal[2] | Interest | Entered Repayment[3] |
|---|---|---|---|---|---|---|---|---|
| 14 | Dept Of Ed/Nelnet | 10/7/2014 | $876.00 | Direct Stafford Sub. | Forbearance | $1,039.18 | $13.86 | 7/21/2015 |
| 13 | Dept Of Ed/Nelnet | 1/15/2014 | $1,750.00 | Direct Stafford Sub. | Forbearance | $2,058.46 | $23.37 | 7/21/2015 |
| 12 | Dept Of Ed/Nelnet | 4/20/2012 | $4,652.00 | Direct Stafford Unsub. | Forbearance | $3,556.66 | $87.98 | 11/12/2012 |
| 11 | Dept Of Ed/Nelnet | 2/1/2012 | $3,500.00 | Direct Stafford Sub. | Forbearance | $4,184.65 | $40.41 | 11/12/2012 |
| 10 | Dept Of Ed/Nelnet | 2/1/2012 | $1,153.00 | Direct Stafford Unsub. | Forbearance | $1,780.58 | $44.06 | 11/12/2012 |
| 9 | Dept Of Ed/Nelnet | 11/11/2010 | $6,000.00 | Direct Stafford Unsub. | Forbearance | $386.58 | $9.17 | 6/2/2011 |
| 8 | Dept Of Ed/Nelnet | 11/11/2010 | $3,500.00 | Direct Stafford Sub. | Forbearance | $2,292.64 | $26.74 | 6/2/2011 |
| 7 | Dept Of Ed/Nelnet | 8/5/2009 | $3,500.00 | FFEL Stafford Sub. | Forbearance | $2,507.11 | $162.04 | 6/11/2010 |
| 6 | Dept Of Ed/Nelnet | 8/5/2009 | $2,000.00 | FFEL Stafford Unsub. | Forbearance | $1,738.11 | $164.35 | 6/11/2010 |
| 5 | Dept Of Ed/Nelnet | 12/13/2008 | $3,500.00 | FFEL Stafford Sub. | Forbearance | $5,154.08 | $356.36 | 6/11/2010 |
| 4 | Dept Of Ed/Nelnet | 12/13/2008 | $2,000.00 | FFEL Stafford Unsub. | Forbearance | $3,634.64 | $344.89 | 6/11/2010 |
| 3 | Texas Guaranteed Student Loan Corp. | 2/27/2006 | $2,650.00 | FFEL Stafford Unsub. | Cancelled | | | N/A |
| 2 | Texas Guaranteed Student Loan Corp. | 2/27/2006 | $2,625.00 | FFEL Stafford Sub. | Cancelled | | | N/A |
| 1 | Texas Guaranteed Student Loan Corp. | 2/27/2006 | $1,350.00 | FFEL Stafford Unsub. | Cancelled | | | N/A |

ED Held:
Total Principal Due:                                    $28,332.69
Total Interest Due:                                       $1,273.18

Total Loan Balance Due:                           $29,605.87

Monthly payment under the Standard Repayment plan:   $408.86

---

[1] This does not include any history related to a borrower's HEAL or private education loans.
[2] Amounts rounded to the nearest dollar.
[3] Periods spent in In-School deferment and Grace period after this repayment date will not count towards calculating the second prong presumption that the loans have been in repayment for more than 10 years.